

*OFFICE OF THE CLERK*

**UNITED STATES DISTRICT COURT**
*for the*
**MIDDLE DISTRICT of PENNSYLVANIA**
*William J. Nealon Federal Bldg. & U.S. Courthouse*
*235 North Washington Avenue*
*P.O. Box 1148*
*Scranton, PA 18501-1148*

*Divisional Offices*

MARY E. D'ANDREA
Clerk of Court

*(570) 207-5600  FAX (570) 207-5650*
*Internet address: www.pamd.uscourts.gov*

*Harrisburg:  (717) 221-3920*
*Williamsport: (570) 323-6380*

**SEPTEMBER 27, 2007**

CR - 07-00582 - JF

Clerk of Court
U.S. Courthouse, 16th floor
450 Golden Gate Ave.
San Francisco, CA 94102

RE: 3:05-CR-238
USA   v.   Kristine Burke

Dear Clerk of Court,

Pursuant to the Order Transferring Jurisdiction, I am enclosing a copy of the following:

1. Transfer Order
2. Information
3. Plea Agreement
4. Judgment & Commitment
5. Docket Sheet
6. Financial Case Inquiry Report (To Financial SF - Unit)

All of these documents correspond to the above mentioned defendant. **THE DEFENDANT DOES/ DOES NOT APPEAR TO HAVE OUTSTANDING FINANCIAL OBLIGATIONS.** If you have any questions regarding this matter do not hesitate to contact me at: 570-207-5672.

Thank you for your assistance in this matter.

Sincerely,
MARY  E.  D'ANDREA, CLERK

By: *Chris Lavelle*
Deputy Clerk

cc: Probation
    US Marshal
    US Attorney

| PROB 22<br>(Rev. 2/88)  **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)*<br>0314-3:CR-05-00238-001 |
|---|---|
| | DOCKET NUMBER *(Rec. Court)*<br>0971/5:07CR00582–01  JF |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE:<br><br>Kristine Burke<br>2730 Thomas Grade<br>Morgan Hill, CA | DISTRICT<br><br>Middle/Pennsylvania | DIVISION<br><br>Scranton |
|---|---|---|
| | NAME OF SENTENCING JUDGE<br><br>The Honorable William J. Nealon | |
| | DATES OF PROBATION/<br>SUPERVISED RELEASE | FROM<br>4/6/2007 | TO<br>4/5/2010 |

**OFFENSE**

**Conspiracy to Distribute and Possess with Intent to Distribute in Excess of 50 Grams of Cocaine Base (Crack) and in Excess of 1 Kilogram of Cocaine – 21 U.S.C. § 846**

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE  **MIDDLE DISTRICT OF PENNSYLVANIA**

 IT IS HEREBY ORDERED that pursuant to 18 U.S.C. § 3605 the jurisdiction of the probationer/supervised releasee named above be transferred with the records of the Court to the United States District Court for the **NORTHERN DISTRICT OF CALIFORNIA** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation/ supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| August 22, 2007 | |
|---|---|
| *Date* | *United States District Judge* |

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE  **NORTHERN DISTRICT OF CALIFORNIA**

 IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this court from and after the entry of this order.

| 9/6/07 | |
|---|---|
| *Effective Date* | *United States District Judge* |

AO 245 B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

VS.

KRISTINE BURKE

JUDGMENT IN A CRIMINAL CASE

CASE NUMBER:   3:CR-05-238
USM NUMBER:   13174-067

   Douglas A. Clark, Esquire
Defendant's Attorney

**THE DEFENDANT:**
[X] pleaded guilty to count___1 of the Information___.
[ ] pleaded nolo contendere to count(s)_____
    which (was)(were) accepted by the court.
[ ] was found guilty on count(s)_____after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title/Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute and Possess with Intent to Distribute in Excess of 50 Grams of Cocaine Base (Crack) and in Excess of 1 Kilogram of Cocaine | April 20, 2005 | 1 |

   The defendant is sentenced as provided in pages 2 through__6__of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
[ ] The defendant has been found not guilty on count(s)_____.
[ ] Count(s)_____(is)(are) dismissed on the motion of the United States.

   IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence or, mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

**OCTOBER 25, 2005**
Date of Imposition of Sentence

WILLIAM J. NEALON, U.S. DISTRICT JUDGE
MIDDLE DISTRICT OF PENNSYLVANIA

_October 28, 2005_
Date

AO 245 B (Rev. 12/03) Judgment in a Criminal Case, Sheet 2 - Imprisonment

Defendant:     KRISTINE BURKE                                   Judgment-Page _2_ of _6_
Case Number:   3:CR-05-238

### IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Thirty (30) months.

The Court finds the sentence of thirty (30) months to be reasonable in view of the considerations expressed in 18 U.S.C. § 3553(a) and the Government's motion for downward departure pursuant to U.S.S.G. § 5K1.1.

At the time you entered your guilty plea I informed you that, in some circumstances, you or the government may have the right to appeal any sentence that I might impose. Consequently, I now advise you of your right to appeal your sentence to the United States Court of Appeals. If you are unable to pay the cost of any appeal, then you may apply for leave of Court to appeal in forma pauperis, and if approved, counsel will be appointed for you and you will not be required to pay any costs.

[X] The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant, Kristine Burke, be allowed to serve this sentence at LPC Alderson, West Virginia. The Court further recommends that the Bureau of Prisons allow the defendant to participate in the 500 hour drug treatment.

[] The defendant is remanded to the custody of the United States Marshal.
[] The defendant shall surrender to the United States Marshal for this district.

[ ] at_____a.m./p.m. on_____.
[ ] as notified by the U.S. Marshal.
[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
[X] before 2 p.m. on Monday, November 28, 2005
[ ] as notified by the United States Marshal.
[ ] as notified by the probation office
[X] The defendant is to contact the United States Marshal's Office no later than three days prior to the above date to be notified of the place of confinement.

### RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on_____to_____at

_____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy Marshal

AO 245 B (Rev. 12/03) Judgment in a Criminal Case, Sheet 3 - Supervised Release

Defendant:      KRISTINE BURKE                                    Judgment-Page  3  of  6
Case Number:    3:CR-05-238

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
[X] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable).
[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable).
[X] The defendant shall participate in a mental health counseling program and comply with any treatment recommendations.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached pages.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least  ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time a home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

AO 245 B (Rev. 12/03) Judgment in a Criminal Case, Sheet 4 - Supervised Release

| | |
|---|---|
| Defendant:     KRISTINE BURKE | Judgment-Page _4_ of _6_ |
| Case Number:   3:CR-05-238 | |

### SUPERVISED RELEASE

13) the defendant, as directed by the probation officer, shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) the defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

15) the defendant shall participate in a program of testing and treatment for drug abuse, as directed by the Probation Office, until such time as you are released from the program by the Probation Officer.

16) the defendant shall notify the Court and U.S. Attorney's Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

17) the defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer unless the defendant is in compliance with the installment schedule for payment of restitution, fines or special assessments.

18) the defendant shall provide the Probation Officer with access to any requested financial information.


      Upon a finding of a violation of probation or supervised release, I understand that the court may  (1) revoke supervision,  (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

      These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


(Signed)_____

                                       _____
                                       Date


      _____
      U.S. Probation Officer/Designated Witness       Date

AO 245 B (Rev. 12/03) Judgment in a Criminal Case, Sheet 5 - Criminal Monetary Penalties

Defendant:      KRISTINE BURKE                                    Judgment-Page _5_ of _6_
Case Number:    3:CR-05-238

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

|          | Special Assessment | Fine | Restitution |
|----------|--------------------|------|-------------|
| Totals:  | $100.00            | $-0- | $-0-        |

IT IS ORDERED that the defendant pay a special assessment of $100 which is due immediately.
The Court finds that the defendant does not have the ability to pay a fine.

[ ] The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245 C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. 3664(i), all non federal victims must be paid in full prior to the United States receiving payment.

| NAME OF PAYEE | TOTAL LOSS | RESTITUTION ORDER | PRIORITY OF PERCENTAGE |
|---------------|------------|-------------------|------------------------|

TOTALS          _____      _____      _____

[ ] Restitution amount ordered pursuant to plea agreement  $_____

[ ] The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:
    [ ] the interest requirement is waived for the   [ ] fine  [ ] restitution.
    [ ] the interest requirement for the [ ] fine [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245 B (Rev. 12/03) Judgment in a Criminal Case, Sheet 6, Part B-Financial Penalties

Defendant:      KRISTINE BURKE                               Judgment-Page  6  of  6
Case Number:   3:CR-05-238

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [X] Lump sum payment of $100.00 due immediately.
   [ ] not later than_____or
   [ ] in accordance with [ ] C, [ ] D, [ ] E [ ] F below; or
B [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below): or

C [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of
_____(e.g., months or years), to commence _____(e.g., 30 or 60 days) after the date of this judgment; or
D [ ] Payment in equal _____(e.g., weekly, monthly, quarterly) installments of $_____ over a period of
_____(e.g., months or years), to commence_____(e.g., 30 or 60 days) after release from imprisonment to a term of
Supervision; or
E [ ] Payment during the term of supervised release will commence within _____(e.g., 30 or 60 days) after release from
imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or
F [ ] Special instructions regarding the payment of criminal monetary penalties:

   Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of
imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty
payments are to be made to the Clerk, United States District Court, Middle District of Pennsylvania, 235 North Washington Ave. and
Linden Street, Room 101, Post Office Box 1148, Scranton, Pa. 18501, except those payments made through the Bureau of Prisons'
Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several
   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

*> Chris Lavelle*



# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA
### PROBATION OFFICE

**YADOR J. HARRELL**
*CHIEF U.S. PROBATION OFFICER*

**Please reply to:**
280 S. First Street, Suite 106
San Jose, CA  95113-3003
TEL: (408) 535-5200
FAX: (408) 535-5206

450 Golden Gate Avenue
Suite 17-6884 ; P.O. Box 36057
San Francisco, CA 94102-3487
TEL: (415) 436-7540
FAX: (415) 436-7572

September 17, 2007

Cynthia A. Kozel, USPO
U.S. Probation Office
197 South Main Street, #201
Wilkes-Barre, PA  18701-1500

Re:    Kristine Burke
       Docket No.:   CR 07-00582 (ND/CA)
       <u>TRANSFER OF JURISDICTION</u>

Dear Ms. Kozel:

Enclosed please find the Transfer of Jurisdiction forms transferring jurisdiction of the above-referenced case from the _____ Middle District of Pennsylvania _____ to the Northern District of California.  To finalize this transfer, please forward this letter to your clerk's office with instructions to file.

If you have any questions regarding the above, please do not hesitate to contact me at the number shown below.

Sincerely,

Janie Zhuang
U.S. Probation Officer
(408) 535-5201

Enclosures

/msc



NDC-GEN-002 05/25/05

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| -vs- | :    No. 3: CR-05- 238 |
| | : |
| KRISTINE BURKE, | : |
| Defendant | : |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### Count 1

Between in or about March of 2005, and on or about April 20, 2005, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, and elsewhere, the Defendant,

### KRISTINE BURKE,

did knowingly and intentionally combine, conspire, confederate and agree with other persons, both known and unknown, to commit the following offenses against the United States; namely, to knowingly, intentionally and unlawfully distribute, and possess with intent to distribute, more than 50 grams of cocaine base (crack) and more than one kilogram of cocaine, Schedule II narcotic controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

All in violation of Title 21, United States Code, Section 846.

A TRUE BILL:

6/21/05
_____
DATE

Thomas A. Marino
_____
THOMAS A. MARINO
United States Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                  :
         -vs-                     :      No. 3: CR-05-238
                                  :
KRISTINE BURKE,                   :      (Nealon, J.)
                      Defendant   :

# P L E A

AND NOW, this 12th day of July, the within named Defendant, Kristine Burke,

having been arraigned in open Court, hereby pleads guilty to the within

INFORMATION.

KRISTINE BURKE
Defendant

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA            :
                                    :
            -vs-                    :      No. 3: CR-05-238
                                    :
KRISTINE BURKE,                     :
                         Defendant  :

## P L E A   A G R E E M E N T

The following plea agreement is entered into by and between the United States

Attorney for the Middle District of Pennsylvania and the above-captioned defendant.

Any reference to the United States or to the Government in this Agreement shall mean

the office of the United States Attorney for the Middle District of Pennsylvania.

The defendant and counsel for both parties agree that the United States Sentencing

Commission Guidelines which took effect on November 1, 1987, as amended and interpreted by

United States v. Booker and Fanfan, 2005 WL 50108 (Jan. 12, 2005), will apply to the offenses

to which the defendant is pleading guilty.

1.  The defendant agrees to waive indictment by a grand jury and plead guilty to a felony

information which will be filed against the defendant by the United States Attorney for the

Middle District of Pennsylvania.  That information will charge the defendant with a violation

Title 21, United States Code, Section 846, Conspiracy to distribution of more than 50

grams of Cocaine Base (Crack) and more than one kilogram of Cocaine.  The

maximum penalty for the offense is life imprisonment, a fine of $4,000,000.00, a life

term of supervised release which shall be served at the conclusion of and in addition to

any term of imprisonment, as well as the costs of prosecution, imprisonment, probation,

or supervised release order, denial of certain federal benefits and an assessment in the

amount of $100.  In addition, the defendant agrees to the forfeiture of any assets identified in this plea agreement that the defendant may possess which constitute proceeds of drug trafficking or items used to facilitate the distribution of controlled substances.  At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is in fact guilty of the offense charged in the Information.  The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court at a sentencing hearing.  In the event that the defendant subsequently successfully vacates or sets aside any plea, conviction or sentence imposed pursuant to this plea agreement, the defendant further agrees to waive any defense to the filing of additional charges which could have been brought against the defendant at the time of this plea based upon laches, the assertion of any speedy trial rights, any applicable statute of limitations, or any other grounds.

2. The defendant understands that the charge carries a mandatory minimum ten-year sentence of imprisonment.  The defendant also understands that the court must impose at least a five-year term of supervised release in addition to any term of imprisonment, fine or assessment involving this violation of the Controlled Substances Act.

3. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement.  Further, the

2

defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

4. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

5. The defendant understands that the Court will impose a special assessment of $100 pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania. This check should be made payable to ``Clerk, United States District Court''. Counsel for the defendant shall provide a copy of the special assessment check to the United States Attorneys Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement. An intentional failure to make this payment, or to pay with insufficient funds, may be treated by the United States as a breach of this plea agreement and may also result in further prosecution or the filing of additional criminal charges.

6. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney Office's Financial Litigation Unit regarding the defendant's financial status. Pursuant to Title 18, United States Code, Section 3664(d)(3) the

3

defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea. The defendant will submit the original affidavit, on forms prescribed by the probation office, to the U.S. Probation Office with a copy to this office.

7. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

8. Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant not only wishes to enter a plea of guilty, but will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Additionally, the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate its resources efficiently. Accordingly, if the defendant can adequately demonstrate this acceptance of responsibility to the government, the United States Attorney's Office hereby moves at sentencing that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The failure of the Court to find that the defendant is entitled to this three-level reduction shall not be a basis to void this plea agreement.

9. At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and

4

the defendant's participation in the offense, and specifically reserves the right to

recommend a sentence up to and including the maximum sentence of imprisonment

and fine allowable, together with the cost of prosecution.

10.  With respect to the application of the United States Sentencing Commission

Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as

follows:

> (a)    The defendant distributed or possessed with the
> intent to distribute between 50 grams and 100 grams of
> cocaine base (crack) and one kilogram of cocaine.  For the
> purposes of the base offense level under U.S.S.G. Section
> 2D1.1, the parties agree that the defendant shall have a
> **base** offense level of 32.

The parties agree that a sentence within this range of the Sentencing Guidelines is a reasonable

sentence under the facts and circumstances of this case.  The defendant understands that

none of these recommendations are binding upon either the court or the United States

Probation Office, which may make different findings as to the application of the United

States Sentencing Commission Sentencing Guidelines to the defendant's conduct.  The

defendant further understands that the United States will provide the Court and the

United States Probation Office all information in its possession which it deems relevant

to the application of the United States Sentencing Commission Sentencing Guidelines

to the defendant's conduct.

11.  The defendant has agreed to cooperate with the United States.  Upon completion of

the cooperation, if the United States believes the defendant has provided "substantial assistance"

pursuant to Title 18, United States Code, Section 3553(e) or Section 5K1.1 of the United States

5

Sentencing Guidelines, the United States may request the Court to depart below any applicable

mandatory minimum range only, under any guideline range only, or both, when fixing a sentence

for this defendant. The United States will retain the sole discretion over which motion, if any, to

file. In the event that the defendant renders substantial assistance, the United States specifically

reserves the right to make a specific recommendation of a term of months to the District Court.

However, the defendant acknowledges that the United States may decline to exercise its

discretion and recommend a departure if the defendant breaches any of the provisions of this

Agreement, or commits any other offense while awaiting plea or sentencing.

12. The defendant has agreed to cooperate with the United States by providing

information concerning the unlawful activities of others. The United States agrees that

self-incriminating information so provided will not be used against the defendant in

determining the applicable guideline range except to the extent provided in this

agreement. This provision, however, shall not be applied to restrict the use of

information:

> (a) known to the United States prior to entering into the
> cooperation agreement;
>
> (b) concerning the existence of prior convictions and
> sentences;
>
> (c) In a prosecution for perjury, giving a false statement, or
> obstruction of justice;
>
> (d) in the event there is a breach of the cooperation
> agreement.

13. By this Agreement, the defendant agrees to forfeit all interests in any

property that constitutes the proceeds of drug trafficking or property used to facilitate

6

drug trafficking. The Defendant also agrees to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers. Additionally, this Agreement is being entered into by the United States on the basis of the express representation that the defendant is making full and complete disclosure of all assets over which the defendant exercises control. If requested by the attorney for the government, the defendant agrees to submit to, and successfully complete, polygraph examination by a polygrapher selected by the United States to verify the defendant's complete and candid compliance with this provision of the plea agreement. The defendant also understands that a failure to make a full disclosure would constitute a breach of the plea agreement, subjecting the defendant to the sanctions set forth in paragraph 26 of this Plea Agreement.

14. Attached hereto as Exhibit 1 is a list, submitted by the defendant, of every asset owned by her or under her control. This list contains all properties, whether drug related or non-drug related. Exhibit 2, attached to this plea agreement and submitted by the defendant, list the defendant's property that constitutes drug related proceeds or assets utilized in furtherance of drug trafficking. The defendant agrees to the forfeiture of any interest she, any member of her family, or any other person may have in the assets listed in the assets designated in the attached Exhibit 2 which she owns or over which she exercises control.

15. As the result of the forfeitures set forth in paragraph 14, the United States agrees not to seek forfeiture of any other asset identified by the defendant which

7

belongs to the defendant or her family. This Agreement does not bind the Internal Revenue Service from the collection of taxes or the seizure of assets to satisfy those taxes.

16. The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

17. The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the probation officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report. The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court at the sentencing hearing where the standard of proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

18. At the sentencing, the United States will be permitted to bring to the Court's

8

attention, and the Court will be permitted to consider, all relevant information with

respect to the defendant's background, character and conduct including the conduct

that is the subject of the charges which the United States has agreed to dismiss, and

the nature and extent of the defendant's cooperation, if any. The United States will be

entitled to bring to the Court's attention and the Court will be entitled to consider any

failure by the defendant to fulfill any obligation under this agreement.

19. The defendant understands that the Court is not a party to and is not bound

by this agreement nor any recommendations made by the parties. Thus, the Court is

free to impose upon the defendant any sentence up to and including the maximum

sentence of life imprisonment, a fine of $4,000,000.00, a life term of supervised

release, the costs of prosecution, denial of certain federal benefits and assessments

totaling $100.

20. If the Court imposes a sentence with which the defendant is dissatisfied, the

defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will

the defendant be permitted to withdraw any pleas should the Court decline to follow any

recommendations by any of the parties to this agreement.

21. The defendant agrees to cooperate fully with the United States. The defendant

understands and agrees that complete and truthful cooperation is a material condition of this

agreement. Cooperation shall include providing all information known to the defendant

regarding any criminal activity, including but not limited to the offenses described in this

agreement. Cooperation will also include complying with all reasonable instructions from the

United States, submitting to interviews by investigators and attorneys at such reasonable times

9

and places to be determined by counsel for the United States and to testify fully and truthfully before any grand juries, hearings, trials or any other proceedings where the defendant's testimony is deemed by the United States to be relevant. This may include submitting to interviews and testifying at proceedings after defendant has been sentenced in this matter. The defendant understands that such cooperation shall be provided to any state, local and federal law enforcement agencies designated by counsel for the United States. The United States agrees that any statements made by the defendant during the cooperation phase of this agreement shall not be used against the defendant in any subsequent prosecutions unless and until there is a determination by the Court that the defendant has breached this agreement. However, the United States will be free to use at sentencing in this case any of the statements and evidence provided by the defendant during the cooperation phase of the agreement. Moreover, the parties agree that, although the defendant's statements made during the cooperation phase cannot be used against the defendant in any subsequent criminal prosecution, this provision shall not preclude the United States from requiring the defendant to submit to interviews by local, state or federal agencies which may use these statements in civil or administrative proceedings involving the defendant.      The defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed so that at sentencing the Court will have the benefit of all relevant information.

22. The defendant agrees to act in an undercover capacity to the best of the defendant's ability and agrees to allow the authorities to monitor and tape record conversations, in accordance with Federal law, between the defendant and persons believed to be engaged in criminal conduct, and fully cooperate with the instructions of

10

law enforcement authorities in such undercover activities.

23. The defendant, if requested by the attorney for the United States, agrees to submit to polygraph examinations by a polygrapher selected by the United States.

24. In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations. Whether or not the defendant has completely fulfilled all of the obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this agreement.

25. The parties agree that at any court hearings held to determine whether the defendant has breached this agreement, the polygraph results and the polygrapher's conclusions and opinions shall be admissible. The parties also agree that such polygraph data shall be admissible at any sentencing hearings involving the defendant.

26. The defendant and the United States agree that in the event the Court concludes that the defendant has breached the agreement:

> (a) The defendant will not be permitted to withdraw any guilty plea tendered under this agreement and agrees not to petition for withdrawal of any guilty plea;

> (b) The United States will be free to make any recommendations to the Court regarding sentencing in this case;

11

(c)  Any evidence or statements made by the defendant during the cooperation phase      will be admissible at any trials or sentencings;

(d)  The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

27.  Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, or false statement, in violation of Title 18, United States Code, Section 1621, 1623, or 1001, or obstruction of justice, in violation of Title 18, United States Code, Section 1503, 1505, or 1510, should the defendant commit any of those offenses during the cooperation phase of this agreement.  Should the defendant be charged with any offense alleged to have occurred after the date of this agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against the defendant in any such prosecution.

28.  Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement.

29. The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and /or sentencing in this case, the government may

12

petition the Court and, if the Court finds by a preponderance of the evidence that the
defendant has committed any other criminal offense while awaiting plea or sentencing,
the Government shall be free at its sole election to either: A) withdraw from this
agreement, or B) make any sentencing recommendations to the Court that it deems
appropriate. The defendant further understands and agrees that, if the Court finds that
the defendant has committed any other offense while awaiting plea or sentencing,  the
defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this
plea agreement, and the government will be permitted to bring any additional charges
which it may have against the defendant.

  30.  Nothing in this agreement shall restrict or limit the nature or content of the
United States's motions or response to any motions filed on behalf of the defendant.
Nor does this agreement in any way restrict the government in responding to any
request by the court for briefing, argument or presentation of evidence regarding the
application of the Sentencing Guidelines to the defendant's conduct, including but not
limited to, requests for information concerning possible sentencing departures.

  31.  Nothing in this agreement shall bind any other federal, state or local
enforcement agency.

  32. The defendant understands that it is a condition of this plea agreement that the
defendant refrain from any further violations of state, local or federal law while awaiting plea and
sentencing under this agreement. The defendant acknowledges and agrees that if the government
receives information that the defendant has committed new crimes while awaiting plea and /or
sentencing in this case, the government may petition the Court and, if the Court finds by a

13

preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: A) withdraw from this agreement, or B) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

33. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the conviction and sentence imposed. ~~Acknowledging all of this, the defendant knowingly waives the right to appeal any conviction and sentence, including a sentence imposed within the~~ statutory maximum, ~~on any and all grounds set forth in Title 18, United States Code, Section 3742 or any other grounds, constitutional or non-constitutional, including the manner in which that sentence was determined in light of~~ United States v. Booker ~~and Fanfan, 2005 WL 50108 (Jan. 12, 2005). The defendant also waives the defendant's right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under~~ Title 28, United States ~~Code, Section 2255. The defendant further acknowledges that this appeal waiver is binding only upon the defendant, and that the United States retains its right to appeal in this case.~~

34. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in

14

such offenses, thereby serving the ends of justice.

35. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written plea agreement.

36. The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., Monday, May 23, 2005, otherwise the offer shall be deemed withdrawn.

37. None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and until signed by the United States Attorney.

ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

___5/23/05_____          _____
Dated                                                     KRISTINE BURKE
                                                               Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement

15

is an informed and voluntary one.

5-23-05
Dated

DOUGLAS CLARK, ESQUIRE
Counsel for Defendant

6-17-05
Dated

THOMAS A. MARINO
United States Attorney

16

EXHIBIT 1

ASSETS OF THE DEFENDANT  EITHER OWNED
BY THE DEFENDANT OR UNDER THE DEFENDANT'S CONTROL
(Please list)

None

EXHIBIT 2

ASSETS OF THE DEFENDANT, ANY MEMBER OF THE DEFENDANT'S FAMILY
AND/OR ANY OTHER PERSON, EITHER OWNED BY THE DEFENDANT
OR UNDER THE DEFENDANT'S CONTROL, WHICH CONSTITUTE DRUG PROCEEDS
OR ITEMS UTILIZED TO FACILITATE DRUG TRAFFICKING
(Please list)

*None*

WVFILE

# United States District Court
## Middle District of Pennsylvania (Scranton)
### CRIMINAL DOCKET FOR CASE #: 3:05-cr-00238-WJN All Defendants
### Internal Use Only

Case title: USA v. Burke
Magistrate judge case number: 2:05-mj-00009-MEM

Date Filed: 06/21/2005
Date Terminated: 10/25/2005

Assigned to: Honorable William J.
Nealon

**Defendant**

**Kristine Burke** (1)
*TERMINATED: 10/25/2005*

represented by **Douglas A. Clark**
1522 Pennsylvania Avenue
Peckville, PA 18452
570-307-0702
Email: clarkesquire@comcast.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

CONSPIRACY TO DISTRIBUTE
CONTROLLED SUBSTANCE
(1)

**Disposition**

The defendant is committed to the
custody of the BOP for a term of 30
months. She is to pay a S/A of $100,
due immediately; the Court finds the
defendant does not have the ability to
pay a fine. Upon release from
imprisonment, she shall be placed on
supervised release for 3 years with
conditions (see J&C for specifics). The
defendant shall surrender at the
institution designated by the BOP
before 2:00 PM on Monday, 11/28/05
and is to contact the U.S. Marshal's
Office no later than 3 days prior to the
date to be notified of the place of
confinement. The Government makes a
recommendation for the defendant to
participate in a drug treatment program
and also recommends that she be
allowed to serve this sentence at FPC
Alderson, West Virginia.

Certified from the record

Date 9-27-07

E. D'Andrea, Clerk

Per Chris Lavelle

Deputy Clerk

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 21:841A=CD.F | |

**Plaintiff**

**USA**                              represented by  **John C. Gurganus, Jr.**
Assistant U.S. Attorney
U.S. Attorney's Office
311 Federal Building
Scranton, PA 18501
717-348-2800
Email: John.Gurganus@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/07/2005 | 1 | COMPLAINT as to Feleipe Alberto (1), Kristine Burke (2). that the defts. aiding & abetting each other, did knowingly, intentionally & unlawfully possess w/intent to distribute & did distribute cocaine in violaiton of 21:841(a)(1) and 18:2. (Attachments: # 1 AFFIDAVIT) (bs, ) [2:05-mj-00009-MEM] (Entered: 04/11/2005) |
| 04/07/2005 | 4 | SEALING ORDER as to Feleipe Alberto, Kristine Burke sealing all docs. until further order of court . Signed by Judge Malachy E. Mannion on 4/7/05. (bs, ) [2:05-mj-00009-MEM] (Entered: 04/12/2005) |
| 04/18/2005 | 5 | COMPLAINT as to Feleipe Alberto, Kristine Burke that defts aiding and abetting each other, did knowingly, intentionally and unlawfully possess w/intent to distribute and did distribute in excess of 50 grams of cocaine base (crack) in violation of 21:841(a)(1) and 18:2. (Attachments: # 1 Addendum to Affidavit) (bs, ) [2:05-mj-00009-MEM] (Entered: 04/21/2005) |
| 04/21/2005 | 10 | 2ND ADDENDUM TO AFFIDAVIT by USA as to Feleipe Alberto Villaverde & Kristine Burke. (bs, ) [2:05-mj-00009-MEM] (Entered: 04/22/2005) |
| | | |

| 04/21/2005 | ⊛14 | Financial Affidavit (CJA 23) by Kristine Burke. (bs, ) [2:05-mj-00009-MEM] (Entered: 04/22/2005) |
|---|---|---|
| 04/21/2005 | ⊛15 | ORDER granting 14 Financial Affidavit (CJA 23). CJA Douglas A. Clark for Kristine Burke appointed. Signed by Judge Malachy E. Mannion on 4/21/05. (bs, ) [2:05-mj-00009-MEM] (Entered: 04/22/2005) |
| 04/21/2005 | ⊛17 | REDACTED ORDER Setting Conditions of Release as to Kristine Burke (2) Released on Conditions that the deft. shall maintain or actively seek employment; travel restricted to MD of PA unless otherwise authorized; report to USP as directed; avoid contact w/co-defts, etc.; submit to testing and/or treatment as directed; the deft. shall reside with her parents. (See doc. for full details). Signed by Judge Malachy E. Mannion on 4/21/05. (bs, ) Modified on 4/22/2005 (bs, ). [2:05-mj-00009-MEM] (Entered: 04/22/2005) |
| 04/21/2005 | ⊛18 | Sealed Document UNREDACTED Order setting conditions of release as to Krintine Burke. (bs, ) [2:05-mj-00009-MEM] (Entered: 04/22/2005) |
| 04/22/2005 | ⊛6 | Arrest Warrant Returned Executed on 4/20/05. in case as to Kristine Burke. (cl, ) [2:05-mj-00009-MEM] (Entered: 04/22/2005) |
| 04/25/2005 | ⊛20 | NOTICE OF HEARING as to Feleipe Alberto Villaverde, Kristine Burke Preliminary Examination set for 5/4/2005 at 03:30 PM in Scranton before Magistrate Judge Malachy E. Mannion. Signed by Deputy Clerk on 4/25/05. (bs, ) [2:05-mj-00009-MEM] (Entered: 04/25/2005) |
| 05/03/2005 | ⊛21 | Joint MOTION to Continue *Preliminary and Exclude Time* by USA as to Feleipe Alberto Villaverde, Kristine Burke. (Attachments: # 1 Order) (Gurganus, John) [2:05-mj-00009-MEM] (Entered: 05/03/2005) |
| 05/03/2005 | ⊛22 | ORDER granting 21 Joint Motion to Continue Preliminary Exams as to Feleipe Alberto Villaverde (1),and Kristine Burke (2) Preliminary Examination continued until 5/25/2005 03:30 PM in Scranton before Magistrate Judge Malachy E. Mannion.Signed by Judge Malachy E. Mannion on 5/3/05. (bs, ) [2:05-mj-00009-MEM] (Entered: 05/03/2005) |
| 05/23/2005 | ⊛24 | MOTION to Continue *Preliminary Hearing and Exclude Time* by USA as to Feleipe Alberto Villaverde, Kristine Burke. (Attachments: # 1 proposed order)(Gurganus, John) [2:05-mj-00009-MEM] (Entered: 05/23/2005) |
| 05/24/2005 | ⊛25 | ORDER granting 24 Joint Motion to Continue Preliminary Exams as to Feleipe Alberto Villaverde (1), and Kristine Burke (2) Preliminary Examinations continued until 6/15/2005 at 02:45 PM in Scranton before Magistrate Judge Malachy E. Mannion.Signed by Judge Malachy E. Mannion on 5/24/05. (bs, ) [2:05-mj-00009-MEM] (Entered: 05/24/2005) |
| 06/13/2005 | ⊛27 | MOTION to Continue *Preliminary Exam and to Exclude Time* by USA as to Feleipe Alberto Villaverde, Kristine Burke. (Attachments: # 1 proposed order)(Gurganus, John) [2:05-mj-00009-MEM] (Entered: 06/13/2005) |
| 06/14/2005 | ⊛28 | ORDER granting 27 joint Motion to Continue Prelim. Exam as to Feleipe |

Pennsylvania Middle District Version 3.0.5 - Docket Report
Case 5:07-cr-00582-JF    Document 2    Filed 10/04/2007    Page 33 of 34

Page 4 of 5

|  |  | Alberto Villaverde (1), Kristine Burke (2) Preliminary Examination continued until 7/13/2005 03:00 PM in Scranton before Magistrate Judge Malachy E. Mannion. Signed by Judge Malachy E. Mannion on 6/14/05. (bs, ) [2:05-mj-00009-MEM] (Entered: 06/14/2005) |
|---|---|---|
| 06/21/2005 | 29 | (Felony) INFORMATION - as to Kristine Burke (1) count(s) 1. (cl, ) (Entered: 06/21/2005) |
| 06/21/2005 | 30 | Criminal Cover Sheet (Sealed) - . (cl, ) (Entered: 06/21/2005) |
| 06/21/2005 | 31 | PLEA AGREEMENT as to Kristine Burke (cl, ) (Entered: 06/21/2005) |
| 06/21/2005 | 32 | STATEMENT OF DEFENDANT RE: Plea of Guilty filed by Kristine Burke (cl, ) (Entered: 06/21/2005) |
| 06/21/2005 |  | Judge update in case as to Kristine Burke. Judge William J. Nealon added. Judge Unassigned no longer assigned to case. (cl, ) (Entered: 06/21/2005) |
| 06/29/2005 | 33 | WAIVER of Preliminary Examination or Hearing by Kristine Burke(This was also filed in the Criminal Cmp. case- 2:MJ-05-9, but since the case had been merged into this criminal case - this is also being docketed in the case with the information.) (bs, ) (Entered: 06/29/2005) |
| 07/07/2005 | 34 | ORDER as to Kristine Burke. Arraignment and Plea Hearing is scheduled for Tuesday, 7/12/2005 at 11:00 AM before Honorable William J. Nealon. (rk) (Entered: 07/07/2005) |
| 07/12/2005 | 35 | WAIVER OF INDICTMENT by Kristine Burke. (rk) (Entered: 07/12/2005) |
| 07/12/2005 | 36 | Guilty PLEA ENTERED as to Kristine Burke. (rk) (Entered: 07/12/2005) |
| 07/14/2005 | 38 | ORDER as to Kristine Burke. Sentencing set for Wednesday, 10/12/2005 at 11:00 AM before Honorable William J. Nealon. (rk) (Entered: 07/14/2005) |
| 10/11/2005 | 39 | SENTENCING MEMORANDUM by Kristine Burke (Clark, Douglas) (Entered: 10/11/2005) |
| 10/11/2005 | 40 | MOTION to Continue *Sentencing* by USA as to Kristine Burke. (Attachments: # 1 proposed order)(Gurganus, John) (Entered: 10/11/2005) |
| 10/12/2005 | 41 | ORDER granting 40 Motion to Continue as to Kristine Burke (1). Sentencing scheduled for 10/25/2005 at 11:00 AM is CONTINUED TO TUESDAY, OCTOBER 25, 2005 AT 11:00 AM before Honorable William J. Nealon.Signed by Judge William J. Nealon on 10/12/05. (rk) (Entered: 10/12/2005) |
| 10/19/2005 | 42 | NOTICE OF HEARING as to Kristine Burke. Sentencing is scheduled for Tuesday, 10/25/2005. The time for the sentencing has been changed from 11:00 AM to 2:00 PM on that date before Honorable William J. Nealon. (rk) (Entered: 10/19/2005) |

| 10/25/2005 | 43 | Sealed Document (Attachments: # 1 Proposed Order) (cl, ) (Entered: 10/25/2005) |
|---|---|---|
| 10/25/2005 | 44 | SEALED ORDER (kn, ) (Entered: 10/25/2005) |
| 10/25/2005 | 46 | JUDGMENT as to Kristine Burke (1), Count 1, The defendant is committed to the custody of the BOP for a term of 30 months. She is to pay a S/A of $100, due immediately; the Court finds the defendant does not have the ability to pay a fine. Upon release from imprisonment, she shall be placed on supervised release for 3 years with conditions (see J&C for specifics). The defendant shall surrender at the institution designated by the BOP before 2:00 PM on Monday, 11/28/05 and is to contact the U.S. Marshal's Office no later than 3 days prior to the date to be notified of the place of confinement. The Government makes a recommendation for the defendant to participate in a drug treatment program and also recommends that she be allowed to serve this sentence at FPC Alderson, West Virginia. Signed by Judge William J. Nealon on 10/28/05. (rk) (Entered: 10/28/2005) |
| 12/28/2005 |  | *SEALED* CJA 20 as to Kristine Burke: Authorization to Pay Douglas Clark. Amount: $ 4464.00, sent to HBG Criminal Dept . Signed by Judge William J. Nealon on 12/23/05. (ne, ) (Entered: 12/28/2005) |